LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
Adrian R. Bacon (SBN 280332)
abacon@toddflaw.com
Matthew R. Snyder (SBN 350907)
msnyder@toddflaw.com
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Telephone: (323) 306-4234
Facsimile:  (866) 633-0228

THE BLANCHARD LAW GROUP, APC
Lonnie C. Blanchard III (SBN 93530)
lonnieblanchard@gmail.com
177 East Colorado Blvd., Suite 200
Pasadena, California 91105
Telephone: (213) 599-8255

HOLMES LAW GROUP, APC
Jeff Holmes (SBN 100891)
jeffholmesjh@gmail.com
2801 Ocean Park Blvd., #1035
Santa Monica, California 90405
Telephone: (310) 396-9045

Attorneys for Plaintiff
SHEHRYAR IQBAL

SEYFARTH SHAW LLP
Geoffrey C. Westbrook (SBN 281961)
gwestbrook@seyfarth.com
Annette L. Rose (SBN 311274)
arose@seyfarth.com
Natalie C. Kreeger (SBN 328433)
nkreeger@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:   (916) 448-0159
Facsimile:(916) 558-4839

Attorneys for Defendants,
IQVIA INC., IQVIA RDS INC., and IQVIA HOLDINGS INC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shehryar Iqbal, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IQVIA, INC., IQVIA RDS, INC., IQVIA HOLDINGS, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-01736-AJB-BLM<br><br>**JOINT MOTION TO VACATE THE EARLY NEUTRAL EVALUATION CONFERENCE FOR GOOD CAUSE OR, IN THE ALTERNATIVE, CONTINUE THE JULY 1, 2026 EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>Complaint Filed: February 13, 2026<br>Action Removed: March 19, 2026 |

1

JOINT MOTION TO VACATE THE EARLY NEUTRAL EVALUATION CONFERENCE FOR GOOD CAUSE OR, IN THE ALTERNATIVE, CONTINUE THE JULY 1, 2026 EARLY NEUTRAL EVALUATION CONFERENCE

Pursuant to the Federal Rules of Civil Procedure, Rule 1, the United States District Court Southern District of California Local Rules, Rule 16.1, and any other applicable federal or state regulations, Plaintiff SHEHRYAR IQBAL ("Plaintiff") and Defendants, IQVIA INC., IQVIA RDS INC., and IQVIA HOLDINGS INC. ( "Defendants") (collectively "the Parties") respectfully submit the following joint motion to vacate the Early Neutral Evaluation ("ENE") Conference scheduled on July 1, 2026 at 1:30 p.m. for good cause, or, in the alternative, continue the pending ENE for 90-days to September 29, 2026, or a date thereafter available to the Court, to allow the Parties sufficient time to prepare for meaningful resolution discussions.

The Parties respectfully submit this joint motion as follows:

## **JOINT MOTION**

WHEREAS, as set forth in further detail herein, the Parties have engaged in multiple substantive meet-and-confer discussions over the past approximately 60 days regarding the efficient handling of resolution discussions in this matter. This case involves a complex, putative class action wage-and-hour dispute based on a theory of misclassification of Defendants' clinical research associates ("CRAs"), and is unlikely to be resolved without adequate pre-resolution informal discovery and continued discussions between the Parties regarding the claims and defenses at issue.

Accordingly, in the interest of preserving judicial resources, the Parties have discussed participating in private mediation as the most effective method of alternative dispute resolution to resolve this case. However, as of the time of this submission, the Parties require additional time to continue their discussions.

Pursuant to the Court's inherent authority to conserve judicial resources under the Federal Rules of Civil Procedure and Local Rule 16.1, the Parties respectfully submit that good cause exists to excuse their attendance at the Court's Early Neutral Evaluation conference in light of the matter's complexity, and to allow, in the alternative, the Parties to proceed with private mediation and informal information exchange of information in a

JOINT MOTION TO VACATE THE EARLY NEUTRAL EVALUATION CONFERENCE FOR GOOD CAUSE OR, IN THE ALTERNATIVE, CONTINUE THE JULY 1, 2026 EARLY NEUTRAL EVALUATION CONFERENCE

manner that conserves both judicial and party resources and creates an opportunity for the Parties to engage in meaningful settlement resolutions;

WHEREAS, Plaintiff filed this putative class action against Defendants for alleged various violations of California wage and hour law based on a theory of misclassification. **ECF No. 1**. At this stage of the litigation, Defendants evaluate that the putative class implicates a broad group of at least 10-different clinical research associate positions and includes at least 320 putative class members;

WHEREAS, the Court initially set an Early Neutral Evaluation ("ENE") for May 11, 2026 at 9:30 a.m. **ECF No. 6**;

WHEREAS, on April 20, 2026, the Parties submitted a joint motion to continue the ENE due to unavailability of the Parties' respective counsel of record, as well as unavailability of Defendants' in house counsel. **ECF No. 7**;

WHEREAS, the Court granted the Parties' Motion and continued the ENE to July 1, 2026 at 1:30 p.m. **ECF No. 8**;

WHEREAS, the Parties have engaged in multiple telephonic and video meet-and-confer conferences to discuss the Court's Early Neutral Evaluation ("ENE") and the most efficient path toward resolving this complex matter.

Specifically, on or about May 6, 2026, the Parties, by and through their respective lead counsel of record, conducted a telephonic and video meet-and-confer to discuss a resolution strategy. This discussion included a substantive exchange regarding their mutual interest in participating in private mediation and how best to prepare for the Court's ENE to facilitate meaningful settlement discussions;

Following that meet-and-confer, Plaintiff provided Defendants with a list of informal request of information and documents that Plaintiff believes are necessary to engage in meaningful resolution discussions. Plaintiff has requested, among other things, clinical trial-related protocols; job titles and descriptions; timekeeping policies and

3

procedures; training materials; payroll data; and non-traditional timekeeping data (such as travel reports and billing reports) for the putative class.

Following receipt of Plaintiff's requests, on May 20, 2026, the Parties held a subsequent meet-and-confer to further discuss Plaintiff's informal requests and to continue their resolution discussions. During this conference, the Parties had further substantive discussions regarding proceeding with private mediation or other alternative dispute resolution avenues most likely to facilitate productive and successful resolution;

WHEREAS, as part of the Parties' ongoing discussions, Defendants have been evaluating the scope of Plaintiff's informal requests, gathering potentially responsive information, and assessing what non-traditional data may be provided to Plaintiff's counsel to facilitate ongoing resolution discussions, particularly in light of the confidentiality concerns associated with HIPAA-protected, confidential, and other proprietary information that are implicated with clinical trial data.

In particular, because Defendants classified the putative class as exempt during all relevant times at issue in this dispute, the evaluation and production of timekeeping and payroll-related information is more complex and requires more detailed investigation than in a typical wage-and-hour action;

WHEREAS, on June 15, 2026, the Parties held further meet and confer to discuss the status of resolution discussions in preparation of the upcoming ENE. During the Parties' approximate 45-minute meet and confer, substantive topics such as, *e.g.*, the scope of exchange of documents and information necessary for resolution discussions and class certification, confidentiality and data issues, including potential resolution of such issues, among other related topics were discussed;

During the June 15, 2026 meet-and-confer, the Parties agreed that—given the complex nature of this putative class action—additional time is necessary to gather sufficient information to facilitate meaningful settlement discussions, and that the upcoming ENE is unlikely to be an efficient use of the Parties' or the Court's resources,

JOINT MOTION TO VACATE THE EARLY NEUTRAL EVALUATION CONFERENCE FOR GOOD CAUSE OR, IN THE ALTERNATIVE, CONTINUE THE JULY 1, 2026 EARLY NEUTRAL EVALUATION CONFERENCE

as the Parties currently lack sufficient information at this stage of the litigation to engage in meaningful resolution discussions;

WHEREAS, the Parties have met and conferred and believe they will be able to confirm whether they will proceed with private mediation within 45 days. If, within that time period, the Parties are unable to confirm an agreement to proceed with private mediation, the Parties agree that they will be prepared to meet and confer regarding a joint discovery plan and pre-certification handling of this matter.

In light of the complex nature of this dispute, the current status of the Parties' early resolution discussions, and the lack of sufficient information necessary for both Parties to engage in meaningful settlement discussions to fully resolve this case, the Parties respectfully submit that good cause exists to excuse their attendance at the Court's upcoming ENE and to permit the Court to reallocate its judicial resources to other matters;

WHEREAS, in the alternative, the Parties acknowledge and agree that if this Court should not find good cause to vacate the pending ENE, then they would request the Court continue the ENE for at least 90-days to September 29, 2026, or a date thereafter available to the Court, to allow the Parties sufficient time to prepare for meaningful resolution discussions;

NOW THEREFORE, the Parties hereby stipulate and agree and respectfully requests the following:

- The Court vacate the ENE scheduled on July 1, 2026 at 1:30 p.m. for good cause;

- The Court order the Parties to submit a joint status conference report no later than August 17, 2026 to advise the Court on the status of private mediation;

- If the Parties have not confirmed with the Court that they are proceeding with private mediation by the next joint status conference report, then the Parties request that the Court schedule a Case Management Conference on September 16, 2026, or a date thereafter at the convenience to the Court.

JOINT MOTION TO VACATE THE EARLY NEUTRAL EVALUATION CONFERENCE FOR GOOD CAUSE OR, IN THE ALTERNATIVE, CONTINUE THE JULY 1, 2026 EARLY NEUTRAL EVALUATION CONFERENCE

**IT IS SO STIPULATED.**

DATED: June 16, 2026

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

THE BLANCHARD LAW GROUP, APC

HOLMES LAW GROUP, APC


By: */s/Adrian Bacon (authorized on 6/16/26)*
    Todd M. Friedman
    Lonnie C. Blanchard III
    Adrian Bacon
    Jeff Holmes
Attorneys for Plaintiff
SHEHRYAR IQBAL

DATED: June 16, 2026

SEYFARTH SHAW LLP


By: */s/Annette L. Rose*
    Geoffrey C. Westbrook
    Annette L. Rose
    Natalie C. Kreeger

Attorneys for Defendants,
IQVIA INC., IQVIA RDS INC., and
IQVIA HOLDINGS INC.

JOINT MOTION TO VACATE THE EARLY NEUTRAL EVALUATION CONFERENCE FOR GOOD CAUSE OR, IN THE ALTERNATIVE, CONTINUE THE JULY 1, 2026 EARLY NEUTRAL EVALUATION CONFERENCE