LAW OFFICES OF TODD M. FRIEDMAN, P.C.
TODD M. FRIEDMAN, SBN 216752
tfriedman@toddflaw.com
ADRIAN R. BACON, SBN 280332
abacon@toddflaw.com
MATTHEW R. SNYDER, SBN 350907
msnyder@toddflaw.com
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Telephone: 323.306.4234
Facsimile: 866.633.0228

Lonnie C. Blanchard III SBN 93530
THE BLANCHARD LAW GROUP APC
177 East Colorado Boulevard, Suite 200
Pasadena, California 91105
Telephone: (213) 599-8255
Email: lonnieblanchard@gmail.com

*Attorneys for Plaintiff*
*Additional Counsel Listed Below*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

Shehryar Iqbal, *an individual and on behalf of all others similarly situated,*

Plaintiff,

v.

IQVIA, INC., IQVIA RDS, INC., IQVIA HOLDINGS, INC.; and DOES 1-10, inclusive;

Defendants.

**Case No. 3:26-cv-01736-AJB-BLM**

**FIRST AMENDED CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT COMPLAINT**

**DEMAND FOR JURY TRIAL**

Jeff Holmes, Esq. (SBN 100891)
Holmes Law Group, APC
2801 Ocean Park Blvd #1035
Santa Monica, CA 90405
Telephone: 310-396-9045
Email: jeffholmesjh@gmail.com

*Attorney for Plaintiff*

## I. INTRODUCTION

1. This case is brought individual and on behalf of all other similarly situated aggrieved individuals who have worked for IQVIA, INC., IQVIA RDS, INC., and IQVIA HOLDINGS, INC. ("Defendants") as wrongfully misclassified exempt clinical research associates ("CRA") in California.

## II. PARTIES

2. Plaintiff Shehryar Iqbal ("Plaintiff") is an adult resident of Madera, California, and worked throughout California, including San Diego, Orange, and Los Angeles, as a Senior CRA I. Plaintiff was hired in or about January, 2022 until April 9, 2026.

3. Defendant IQVIA RDS, INC. is a North Carolina company that does business throughout State of California and maintains its principal place of business in Durham, North Carolina.

4. Defendant IQVIA, INC. is a Delaware company that does business throughout State of California and maintains its principal place of business in Parsippany, New Jersey.

5. Defendant IQVIA HOLDINGS, INC. is a Delaware company that does business throughout State of California and maintains its principal place of business in Durham, North Carolina.

6. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. JURISDICTION

8. This Court has jurisdiction over Plaintiffs' California Labor Code claims pursuant to California Code of Civil Procedure § 410.10.

9. This Court has jurisdiction over Plaintiffs' PAGA claims pursuant to California Code of Civil Procedure § 410.10. The monetary relief which Plaintiffs seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

10. Venue is proper in this Court because Defendants engage in business activities in and throughout the State of California and Plaintiff performed work as a CRA in San Diego, California.

## IV. FACTUAL ALLEGATIONS

### Defendant's Wrongful Misclassification of Plaintiff and Other Class Members as Exempt

11. Defendants employed Plaintiff as a CRA and treated Plaintiff as exempt from overtime. Defendants also employed other CRAs and treated them as exempt from overtime. Defendants misclassified Plaintiff and these other CRAs as exempt employees. However, Plaintiff and the other CRAs were in fact nonexempt (not exempt) employees. Plaintiff and the other CRAs worked more than eight hours per day or more than 40 hours per week. Defendants did not properly calculate Plaintiff and the other Class Members' hours and did not properly compensate Plaintiff and the other Class Members for the overtime hours they worked at the correct rates and did not provide Class Members with

the other wage and hourly protections and benefits to which nonexempt employees are entitled under California law including but not limited to legally compliant meal breaks, rest breaks and wage statements. Rather, Defendants intentionally misclassified Plaintiff and the other Class Members as "exempt" in order to avoid obligations imposed upon employers under California law for nonexempt employees.

12. Plaintiff and the other Class Members did not exercise personal discretion and/or judgment in the completion of their job duties, but, rather were required to follow and not deviate from very long detailed pre-established written standard procedures, guidelines and protocols (sometimes such written standard procedures, guidelines and protocols were 100 or 200 or more pages in length) and/or worked under the supervision of and at the behest of Defendants' directorial and supervisory management staff in executing work intended to conform to such pre-established standard procedures, guidelines and protocols. The majority of Plaintiff's time (more than 50%) was spent either directly executing pre-established standard procedures, guidelines and protocols and/or decisions and directions made by Plaintiff's superiors or performing other duties of non-exempt employees. Specifically, among other things:

a) Plaintiff and the other Class Members had no direct reports and did not supervise employees;

b) Plaintiff and the other Class Members had no power to hire or fire employees;

c) The majority of work performed by Plaintiff and the other Class Members were mechanical and involved traveling to the sponsors' locations to mechanically record data on sponsors adherence to certain protocols related to clinical studies;

d) Plaintiff and the other Class Members were required to strictly follow the pre-established standard procedures, guidelines and protocols of the clinical studies and were not allowed to deviate from such pre-established standard procedures, guidelines and protocols of the clinical studies;

e) Plaintiff and the other Class Members played no part in the development of the pre-established standard procedures, guidelines and protocols of the clinical studies;

f) Plaintiff and the other Class Members could exercise no independent judgment or discretion in changing the pre-established standard procedures, guidelines and protocols of the clinical studies or the performance of their job duties;

g) Plaintiff and the other Class Members did not diagnose medical conditions or administer drugs or write prescriptions;

h) Defendants required Plaintiff and other Class Members to undergo continued training in the strict adherence to pre-established standard procedures, guidelines and protocols and the strict execution of their job duties;

i) Defendants required Plaintiff and the other Class Members to attend frequent meetings conducted by supervisory staff to insure strict adherence to pre-established standard procedures, guidelines and protocols and the strict execution of their job duties;

j) Defendants required Plaintiff and the other Class Members to respond to numerous emails that were mechanical and that confirm that their duties were non-exempt;

k) Plaintiff and the other Class Members were not allowed to independently pursue or determine the course of their duties;

l) Plaintiff and the other Class Members were not allowed to determine their own workload;

m) Plaintiff and the other Class Members were not allowed to set their own work schedules:

n) Despite being misclassified as exempt, Defendants required Plaintiff and the other Class Members to track their activity in a timekeeping system; however

Plaintiff's and the other Class Members were NOT paid by the hour as they were misclassified as exempt and were not paid overtime for time worked more than 8 hours in a day or 40 hours in a week, and not paid double time if they worked more than 10 hours in a day; and

o) Plaintiffs were not management and/or corporate administrative personnel in Defendants' business and instead were essentially and effectively production workers in the "factories" of conducting clinical trials.

13. In fact, for each clinical study Plaintiff and the other Class Members worked on as CRAs, Defendants provided them with detailed protocol manuals (often in excess of 100 pages) that mandated exactly how their work duties were to be executed. The reason for this is because clinical trials by design, must adhere to strict standards in order to control for outside variables in the statistical data. Any deviations, no matter how minute, have a potential to invalidate the entire data set statistically. Because CRAs are the ones collecting the data for these clinical trials, by design of Defendants, they cannot exercise any discretion at all in how the trials are carried out. No advanced professional certification is required to carry out these tasks, and the design protocols must be strictly followed. The nature of the job precludes anyone with exempt status from holding the position.

14. Plaintiff and the other Class Members worked on several different clinical trials while employed by Defendants, and in none of them was Plaintiff allowed to exercise Plaintiff's discretion or judgment.

15. Plaintiff and the other Class Members also performed multiple other mechanical tasks at the direction of Defendants. Throughout Plaintiff's employment, Plaintiff and the other Class Members were required to perform non-exempt duties more than 50% of their work time.

16. Plaintiff and the other Class Members were not required to be licensed professionals, have specific highly technical educations and/or experience.

## V. <u>CLASS ACTION ALLEGATIONS</u>

17. Plaintiff brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of the following classes ("The Class") defined as:

**Class**

All persons who at any time after four (4) years prior to the filing of this action, or shorter statute of limitations as determined by the Court, through the date of trial, who were employed by Defendants in California as exempt CRAs and equivalent job titles, including but not limited to clinical research associate I, clinical research associate II, clinical research associate III, and senior clinical research associate.

**Termination Pay Sub-Class**

All Class Members who were not promptly paid all wages due upon termination of their employment, and are entitled to additional waiting time wages pursuant to Labor Code Section 203.

18. During all, or a portion of the Class Period, Plaintiff and the other Class Members were employed by Defendants in California.

19. Each of the Class Members is identifiable, similarly situated and was employed by Defendants during the Class Period. Plaintiff reserves the right to seek leave to amend this Complaint to add as named Plaintiff some or all of the persons who are members of the Plaintiff Class.

20. The class action causes of action have been brought and may be maintained because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

21. The members of the class are so numerous that joinder of all class members is impracticable. There were considerably more than 100 such class members during the class period.

22. Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether the Plaintiff and each Class Member were misclassified as exempt rather than nonexempt employees.

b. Whether the Plaintiff and each Class Member is entitled to compensation or restitution under the applicable IWC Wage Order(s), regulations or statutes;

c. Whether Defendants failed to pay Plaintiff and each Class Member all compensation due them for all hours worked and overtime for hours worked more than 8 hours per day and/or 40 hours per week;

d. Whether Defendants failed to provide Plaintiff and Class Members with the legally required meal periods.

e. Whether Defendants failed to provide Plaintiff and Class Members with the legally required rest periods.

f. Whether Defendants provided timely, accurate, itemized wage statements to Plaintiff and each Class Member;

g. Whether Defendant timely paid all wages due upon termination to the Termination Pay Sub-Class;

h. The appropriateness and nature of relief to the Class Members;

i. The effect upon and the extent of any injuries sustained by Plaintiff and Class Members and the appropriate type and/or measure of damages;

j. The extent of the liability of Defendants to the Plaintiff and each Class Member.

23. Plaintiff is a class member who suffered damages as a result of Defendants' conduct and actions alleged herein.

24. Plaintiff's claims are typical of the claims of the class, and the named Plaintiff has the same interests as the other members of the class.

25. Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff has retained able counsel experienced in class action litigation. The

interests of Plaintiff is coincident with, and not antagonistic to, the interests of the other class members.

26. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable as Defendants have the contact information of their employee CRAs. Further, prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VI. PAGA REPRESENTATIVE ACTION ALLEGATIONS

28. Plaintiffs allege that Defendant violated the Labor Code as follows: (1) wrongfully misclassifying Plaintiffs and the aggrieved employees as exempt employees; (2) failure to pay for all wages earned in violation of Cal. Lab. Code §§ 510, 1197, 1194, 1182.12, 1194.2, and Wage Order 4-2001; (3) failure to pay for meal periods in violation of Cal. Lab. Code §§ 226.7, 512, 558, and 1198; (4) failure to pay for rest periods in violation of Cal. Lab. Code §§ 226.7, 512, 558, and 1198; (5) failure to timely pay all earned wages during employment and upon termination in violation of Cal. Lab. Code §§ 201-204; and (6) failure to provide proper itemized wage statements in violation of Cal. Lab. Code § 226(a), and Wage Order 4-2001.

29. On February 12, 2026, Plaintiffs gave written notice of Defendant's violations to the California Labor Code as alleged in this complaint to the Labor and

Workforce Development Agency ("LWDA") via online filing and to Defendant's general counsel via certified mail.

## COUNT I

## Failure to Pay Compensation Due for Hours Worked

### Violation of Cal. Lab. Code §§ 510, 1182.12, 1194, 1194.2, 1197, Cal. Wage Order No. 4-2001

30. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendants' conduct, as set forth above, in failing to pay Plaintiff's minimum wage for all hours worked, for off-the-clock hours, for overtime hours and for other compensation due them under California law, violates Cal. Lab. Code §§ 204, 510, 1182.12, 1194, 1194.2, 1197, Cal. Wage Order No. 4-2001.

31. Specifically and among other things, because Plaintiff and the class members were improperly treated as exempt employees when they should have been treated as non-exempt employees, regular hourly rates were not properly calculated, they were not paid for all hours worked (including time when they should have been provided meal and rest breaks) and they were not paid overtime.

32. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

## COUNT II

## Meal Period Violations

### Violation of Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512

33. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein. Because Defendants improperly treated Plaintiff and the class members as "exempt," and because Plaintiff and the class members worked in excess of 5 hours and/or in excess of 10 hours. Defendants' conduct in denying Plaintiff and the

class members their proper meal breaks violates Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512.

34. Specifically and among other things, because Plaintiff and the class members were improperly treated as exempt employees when they should have been treated as non-exempt employees, they were not provided with legally compliant meal breaks and were not paid meal break premiums when meal breaks were not properly provided.

35. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

**COUNT III**
**Rest Period Violations**
**Violation of Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512**

36. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein. Because Defendants improperly treated Plaintiff and the class members as "exempt," and because Plaintiff and the class members worked shifts lasting more than two hours up to six hours, shifts lasting more than six hours up to 10 hours, and/or shifts lasting more than 10 hours up to 14 hours, Defendants' conduct in denying Plaintiff and the class members their ten-minute rest breaks per four hours of work performed violates Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512.

37. Specifically and among other things, because Plaintiff and the class members were improperly treated as exempt employees when they should have been treated as non-exempt employees, they were not provided with legally compliant rest breaks and were not paid rest break premiums when meal breaks were not properly provided.

38. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

**COUNT IV**
**Failure to Pay All Regular Wages**
**Violation of Cal. Labor Code § 204**

39. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendants' conduct, as set forth above, in failing to pay Plaintiff the proper wages for all hours worked violates Cal. Labor Code § 204.

40. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

**COUNT V**
**Waiting Time Penalties**
**Violation of Cal. Labor Code §§ 201-203**

41. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Upon the termination of Plaintiff's employment and members of the Termination Pay Sub-Class, Defendants failed to pay them their final wages pursuant to Cal. Labor Code §§ 201-203 and accordingly owes waiting time penalties pursuant to Cal. Labor Code § 203.

42. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

**COUNT V**
**Pay Statements**
**Violation of Cal. Lab. Code § 226(a)**

43. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendants' conduct, as set forth above, in

failing to provide proper itemized wage statements to Plaintiff, as required by California State Law, violates Cal. Lab. Code § 226(a).

44. Specifically, among other things, because Plaintiff and the class members were improperly treated as exempt employees when they should have been treated as non-exempt employees, Plaintiff's and the class members' wages statements did not contain, among other things, properly calculated regular hourly rates, overtime rates, hours worked, meal break premiums and rest break premiums.

45. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

**COUNT VI**
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code §17200, *et seq*.**

46. Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated the California Labor Code as described above. As a result of Defendants' unlawful conduct, Plaintiff suffered injury in fact and lost money and property, including, but not limited to wages that were due to them.

47. Pursuant to California Business and Professions Code § 17203, Plaintiff seeks declaratory and injunctive relief for Defendants' unlawful conduct and to recover restitution. The nature of this relief is in the public interest, since Defendants' violation of the Labor Code in misclassifying employees as exempt across California like Plaintiff. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

48. This claim is brought by Plaintiff on behalf of a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint.

**<u>COUNT VII</u>**
**<u>Penalties Pursuant to Labor Code Private Attorneys General Act of 2004</u>**
**<u>Violation of Cal. Lab. Code §§ 2698, et seq., 558</u>**

49. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as Plaintiff was employed by Defendants during the applicable statutory period and suffered injury as a result of Defendants' Labor Code violations. Accordingly, Plaintiff seeks to recover on behalf of the State of California, as well as themselves and all other current and former aggrieved employees of Defendants who has worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

50. Defendants' current and former employees are entitled to penalties for Defendants' violations of Cal. Lab. Code §§ 201-204, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, and 1197, *et seq*. Plaintiff seeks civil penalties pursuant to PAGA for: (1) wrongfully misclassifying Plaintiffs and the aggrieved employees as exempt employees; (2) failure to pay for all wages earned in violation of Cal. Lab. Code §§ 510, 1197, 1194, 1182.12, 1194.2, and Wage Order 4-2001; (3) failure to pay for meal periods in violation of Cal. Lab. Code §§ 226.7, 512, 558, and 1198; (4) failure to pay for rest periods in violation of Cal. Lab. Code §§ 226.7, 512, 558, and 1198; (5) failure to timely pay all earned wages during employment and upon termination in violation of Cal. Lab. Code §§ 201-204; and (6) failure to provide proper itemized wage statements in violation of Cal. Lab. Code § 226(a), and Wage Order 4-2001.

51. Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. With respect to

minimum wage violations under Cal. Lab. Code §§ 1197 and 1194, § 1197.1 imposes a civil penalty in addition to any other penalty provided by law of one hundred ($100) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages, and, for each subsequent violation of Labor Code §§1197 and 1194, two hundred and fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages. With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a). With respect to violations of Labor Code § 204, the statute imposes a civil penalty in addition to any other penalty of one hundred dollars ($100) for initial violations for each underpaid employee and two hundred dollars ($200) for subsequent violations for each underpaid employee, plus 25% of the amount unlawfully withheld.

52. Plaintiff complied with the notice requirement of Cal. Lab. Code §2699.3 and served a written notice to the California Labor & Workforce Development Agency ("LWDA") through its website's online filing portal, and on Defendants via Certified Mail, return receipt requested, on February 12, 2026. It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendants violated Wage Order 4, the UCL, Cal. Lab. Code §§ 201-204, 226(a), 226.7, 512, 1194, 1197, 1198 and the other Labor Code Sections set forth above;

b. Certify a Class under Counts I through VI and appoint Plaintiff and his counsel to represent a class of all similarly situated employees in the State of California who were employed and worked at least four years prior to the date of the complaint;

c. Award compensatory damages, including all wages owed, in an amount according to proof;

d. Award restitution for unfair business practices and for all claims arising out of or relating to the statutory causes of action described herein;

e. Enter Judgment in Plaintiffs' favor on his PAGA claim pursuant to Cal. Lab. Code

f. §2699(c);

g. Award penalties, including penalties for timely payment of wages upon discharge, waiting time penalties, and PAGA penalties in an amount according to proof;

h. Award liquidated damages and exemplary and/or punitive damages;

i. Award pre- and post-judgment interest;

j. Award reasonable attorneys' fees, interest, costs, and expenses;

k. Award declaratory and injunctive relief (including public injunctive relief) in the form of an order requiring Defendants to comply with the California Labor Code; and

l. Award any equitable remedies or any other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Shehryar Iqbal, as an individual and on behalf of all others similarly situated,

By their attorney,

s/ Adrian R. Bacon

Todd M. Friedman, SBN 216752
Adrian R. Bacon, SBN 280332
Matthew R. Snyder, SBN 350907
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
323.306.4234
Email: tfriedman@toddflaw.com;
abacon@toddflaw.com
msnyder@toddflaw.com

Dated: July 29, 2026